**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Dana Butler,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Brian Stirling, Charles Williams, John Palmer, Amy Enloe, Kathy Wyatt,<br><br>　　　　　Defendant. | Case No. 8:22-cv-03324<br><br>**ORDER AND OPINION** |

　　This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, recommending the Court (1) deny Plaintiff's motion for temporary restraining order as moot, (2) dismiss Plaintiff's prayer for declaratory and injunctive relief, and (3) grant-in-part and deny-in-part Defendant's motion for summary judgment. (Dkt. No. 46). Plaintiff did not file an objection to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.　Background**

　　Plaintiff, a state prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights regarding his custody, as well as state-law claims for negligence and gross negligence.

　　Plaintiff was initially incarcerated at Perry Correctional Institution before being transferred to Broad River Correctional Institution. (Dkt. No. 24-2, ¶ 6). While at Perry, Plaintiff was housed in "D Dorm," a dorm within Perry's Restricted Housing Unit ("RHU"). (*Id.*, ¶ 7). The RHU is a high-security dormitory used to house inmates with documented disciplinary sanctions or who pose documented security risks (*Id.*, ¶ 8). The D Dorm cells do not contain desks or chairs and metal bed frames are replaced with concrete slabs. (*Id.*, ¶ 12). And the D Dorm windows are

1

covered. (*Id.*) These measures are put in place as part of an attempt by the South Carolina Department of Corrections ("SCDC") to reduce the likelihood that inmates in the RHU will destroy furniture or their own cells or use furniture to fashion weapons, conceal contraband or themselves, or commit-self harm. (*Id.*)

Plaintiff alleges that the conditions of Perry's D Dorm constitute cruel and unusual punishment under the Eight Amendment. Plaintiff also alleges that he has been denied proper medical care and proper mental health care while confined in Perry's RHU.

Plaintiff moved for a temporary restraining order ("TRO") and preliminary injunction regarding his confinement to D-Dorm. (Dkt. No. 14). Defendants moved for summary judgment arguing that Plaintiffs claims should be dismissed as moot because Plaintiff has been transferred from Perry. (Dkt. No. 24). The Magistrate Judge issued an R & R on these motions. (Dkt. No. 46). The Matter is now ripe for the Court's review.

## II.     Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R & R, the R & R is reviewed for clear error.

### III. Discussion

#### A. Plaintiff's Requests for Declaratory and Injunctive Relief

The Magistrate Judge correctly found that Plaintiff's requests for declaratory and injunctive relief, both in his motion for TRO and in his complaint, are moot because Plaintiff has been transferred from Perry. Plaintiff's requests for injunctive relief are based on his housing conditions while incarcerated at Perry and include allegations that he did not have a window in his cell and that he was denied proper medical and mental health care. (Dkt. Nos. 1-1, 14). Now that Plaintiff has been transferred to Broad River (Dkt. No. 24-2, ¶ 6), he has failed to present any evidence that he is subjected to the same challenged conditions and policies at Broad River (Dkt. No. 33 at 1-3 (recounting incidents at Perry, failing to mention housing conditions at Broad River, and arguing that "the conditions and constitutional violations at Perry Corr. Institution still exists"). Thus, the Court agrees that Plaintiff's transfer to Broad River has mooted his claims regarding his housing situation at Perry.

#### B. Plaintiff's Federal Claim

The Magistrate judge correctly found that Plaintiff's federal claim is barred by the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). The PLRA requires that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Here, Plaintiff did not provide any evidence to refute Defendants' affidavit that stated Plaintiff did not fully grieve any of the allegations in the Complaint. In fact, Plaintiff did not dispute Defendants' claim that he

has not exhausted his allegations in his opposition to Defendants' motion for summary judgment. Instead, Plaintiff argued that he was not required to use the prison grievance system prior to filing his state court action and that he attempted to exhaust his remedies but was refused process by Defendants. The Magistrate Judge ably addressed those arguments and the Court found no clear error with the Magistrate Judge's recommendation. Accordingly, the Court dismisses Plaintiff's federal claims for failure to exhaust.

### C. Plaintiff's State Law Claims

The Court also adopts the Magistrate Judge's recommendation regarding Plaintiff's state law claims and declines to retain jurisdiction over Plaintiff's state law claims. Thus, the Court remands those state-law claims to the Court of Common Pleas for Greenville County.

## IV. Conclusion

For the reasons state above, the Court **ADOPTS** the R & R as the **ORDER** of the Court. Plaintiff's motion for TRO and preliminary injunction (Dkt. No. 14) is **DENIED AS MOOT**. Plaintiff's prayer for declaratory and injunctive relief is **DISMISSED**. Defendants' motion for summary judgment (Dkt. No. 24) is **GRANTED-IN-PART and DENIED-IN-PART**. Specifically, the Court grants Defendants' motion for summary judgment with respect to Plaintiff's federal claim and denies the motion with respect to Plaintiff's state-law claims. The Court **REMANDS** the case to the Court of Common Pleas for Greenville County to address Plaintiff's state-law claims.

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

August 14, 2023
Charleston, South Carolina